# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| **RENE MORENO, Individually and** | § | |
| **On Behalf of All Others Similarly** | § | |
| **Situated,** | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 3:14-cv-00166** |
| | § | |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **TOTAL FRAC LOGISTICS, LLC,** | § | |
| **SUNDANCE SERVICES, and** | § | |
| **SUNDANCE FLOW BACK AND** | § | |
| **WELL TESTING COMPANY,** | § | |
| **Defendants.** | § | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' AMENDED MOTION TO DISMISSUNDER RULE 12(b)(6) AND, IN THE ALTERNATIVE, PLAINTIFF'S MOTION FOR LEAVE AND <u>MOTION FOR CONTINUANCE</u>

Plaintiff Rene Moreno, individually and on behalf of all others similarly situated, files this Response to the Amended Motion to Dismiss Under Rule 12(b)(6) filed by Defendants Total Frac Logistics, LLC, Sundance Services, and Sundance Flow Back and Well Testing Company (collectively referred to herein as "Defendants"). In support thereof, he would respectfully show the Court as follows:

### I. <u>INTRODUCTION</u>

On May 16, 2014, Plaintiff filed this class action to recover damages

pursuant to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101–2109 *et seq.* ("WARN Act"). (Doc. 1.)  On August 25, 2014, Defendants filed their Answer (Doc. 11).  On October 9, 2014, Defendants filed their Amended Motion to Dismiss under Rule 12(b)(6) ("Motion"). (Doc. 16.)

The WARN Act requires employers to give sixty days' notice to their employees before mass layoffs or plant closings. 29 U.S.C. § 2101. It was enacted in the wake of numerous plant closings in the 1970s and 1980s, in order to soften the blow of job loss to workers and their families by providing some advance notice to allow for transition time to different employment. *See Hotel Employees & Rest. Employees Int'l Union Local 54 v. Elsinore Shore Assocs.,* 173 F.3d 175 (3d Cir. 1999). A principal enforcement mechanism of the Act permits employees to seek damages from their employer in federal court in an amount equivalent to sixty days' pay and fringe benefits when the employer fails to give proper notice of a mass layoff. 29 U.S.C. § 2104(a).

The WARN Act defines an employer as "any business enterprise" that employs 100 or more employees. 29 U.S.C. § 2101(a). It further provides that: "[a]ny employer who orders a [site] closing or mass layoff in violation of section 2102 of this title shall be liable to each aggrieved employee who suffers an employment loss as a result of such closing or layoff for (A) back pay ... and (B) benefits." *Id*. § 2104(a)(1).  Although Defendants have asserted that Plaintiff failed

to plead facts that state a claim for relief, Plaintiff's Amended Complaint alleges a viable claim under the WARN Act for which Defendants are liable. (*See* Doc. 12.)

## II.  <u>SUMMARY OF ARGUMENT</u>

Defendants' Motion should be denied because Plaintiff pled sufficient facts identifying that Defendants were employers under the WARN Act, either engaged in a mass layoff or plant closing, failed to provide notice prior to the termination, and did not issue back pay.  These facts establish a claim under the WARN Act.

Defendants' Motion is based largely on a misunderstanding of the requirements of Rule 8 and the *Bell Atlantic v. Twombly*, 550 U.S. 444 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) opinions.  Rule 8(a) requires a short and plain statement in order to give Defendants fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.  Rule 8 "does not require 'detailed factual allegations.'" *Iqbal,* 556 U.S. at 677 (quoting *Twombly*, 550 U.S. at 555). To the contrary, *Twombly* only requires that the factual content be sufficient, when inferences are drawn in favor of the plaintiff, to "state a claim to relief that is plausible on its face."  550 U.S. at 570.  Plaintiff's Amended Complaint satisfies this standard.

Plaintiff alleged specific facts demonstrating that Defendants were jointly involved with Plaintiff's employment and collectively instituted the mass layoff/plant closing that forms the basis of this lawsuit.  In particular, Plaintiff

described the interrelated operations of Defendants, their common owner, and location where they offer their services. Further, Plaintiff identified the class of workers that were terminated, the time period when the terminations occurred, the approximate number of workers affected, and the location where the Plaintiff and Class Members performed work. Based on these facts, Defendants' Motion should be denied.

Finally, the Motion for Summary Judgment that Defendants filed in the alternative should be denied. Discovery has not yet taken place and Plaintiff has not had an opportunity to gather evidence to support his claims. In fact, the Rule 16 conference with the Court has not yet taken place. Given that there has not been an adequate time for discovery, it is improper to rule on the merits of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986) (observing that summary judgment must be "refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.")

### III.    ISSUE TO BE DECIDED

The issue for the Court is whether Defendants' Motion to Dismiss for failure to state a claim under Rule 12(b)(6) should be granted. The applicable standard of appellate review for this court's decision is *de novo*. *Turner v. Pleasant,* 663 F.3d 770, 775 (5th Cir. 2011)

# IV.    ARGUMENTS & AUTHORITIES

**A.    Defendants' Motion to Dismiss should be denied because Plaintiff's Amended Complaint satisfies Rule 8.**

A motion to dismiss under 12(b)(6) tests the formal sufficiency of the pleadings of the complaint.  A district court may not dismiss a complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief.  *Lowrey v. Texas A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997).  A motion to dismiss for failure to state a claim admits the facts alleged in the complaint but challenges the plaintiff's right to any relief based on those facts.  *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995).

In applying a Rule 12(b)(6) analysis, the court must accept as true, all well-pleaded facts in the complaint and construe the allegations in the complaint favorably to the pleader. *See Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). In order to survive dismissal, the plaintiff must provide (1) fair notice of the nature of the claim, and (2) plausible factual allegations to support the claim. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  However, a plaintiff need only to plead "enough facts to state a claim to relief that is plausible on its face". *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007).

District courts in Texas have noted the following:

> Rule 8(a) (2) "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the

grounds upon which it rests.' " Fed.R.Civ.P. 8(a)(2); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The question in a Rule 12( b) ( 6) motion, therefore, is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff. Fed.R.Civ.P. 12( b)( 6); *In re Katrina Canal Beaches Litig.,* 495 F.3d 191, 205 (5th Cir.2007).

*3 The court determines whether the plaintiff has stated a legally cognizable claim that is plausible; the court does not evaluate the plaintiff's likelihood of success. *Ashcroft v. Iqbal,* 556 U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

*Roemer v. City of Houston*, No. Civ. A. H–09–3399, 2010 WL 3505156, at *2-*3 (S.D. Tex. Sept. 3, 2010).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Again, the complaint "does not need detailed factual allegations… [the allegations need only] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true [even if the allegations are doubtful in fact]." *Twombly,* 550 U.S. at 553–55. When there are non-conclusory factual allegations, the court must assume that they are true and then determine whether they plausibly give rise to an entitlement to relief. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

Defendants' Motion contends that Plaintiff failed to state a claim on which relief can be granted. Defendants argued that Plaintiff's allegations were not sufficiently specific regarding three issues: (1) "single employer"; (2) "mass layoff"; and (3) "plant closing." As identified below, Plaintiff has provided detailed factual assertions regarding these issues that satisfy Rule 8.

**B.    Plaintiff has provided fair notice of the nature of his claims against Defendants. If the allegations are accepted as true, the facts clearly "state a claim that is plausible on its face" against Defendants for violation of the WARN Act.**

The WARN Act requires employers to give affected employees or their representatives sixty days' notice before a "mass layoff" or "plant closing." 29 U.S.C. § 2102(a). The Act defines an employer as "any business enterprise" that employs at least 100 full-time employees or at least 100 employees who together work at least 4,000 hours per week, exclusive of overtime. *Id.* § 2101(a)(1). The Act defines a "plant closing" as the "permanent or temporary shutdown of a single site of employment" that causes an "employment loss" for fifty or more employees during any thirty-day period. *Id.* § 2101(a)(2). A "mass layoff" is a reduction in force that is not the result of a plant closing and that results in an employment loss at a single site of employment during any thirty-day period for (a) at least thirty-three percent of the employees and at least fifty full-time employees, or (b) at least 500 employees. *Id.* § 2101(a)(3). The WARN Act makes employers liable for

back pay and back benefits if they fail to provide the required 60 day notice. *Id.* §

2104(a).

Defendants contend that Plaintiff has not provided enough facts to state a

claim under the WARN Act. Defendants' contention is without merit. Plaintiff

has pled the following allegations which state a claim under the WARN Act.

- Plaintiff and Class Members worked for Defendants as "flowtesters" for Defendants' oil and gas business. (Doc. 12 at ¶33.)

- During a 30-day period prior to approximately September 2013, Plaintiff and at least 50 other employees of Defendants were terminated from their employment, without cause on their part. (*Id.* at ¶35.)

- No notice was provided to the Plaintiff and Class Members prior to their termination. (*Id.* at ¶37.)

- The Plaintiff and Class Members also did not receive back pay immediately after termination. (*Id.* at ¶39.)

- Prior to the mass layoff that forms the basis of this action, Defendants employed more than 100 employees. (*Id.* at ¶19.)

- Prior to the mass layoff that forms the basis of this action, Defendants employed 100 or more employees who in the aggregate worked at least 4,000 hours a week, exclusive of overtime. (*Id.* at ¶20.)

- While Plaintiff and Class Members are required to travel to different job sites, the Defendants' office is their home base, from which their work is assigned and to which they report. (*Id.* at ¶28.)

- Defendants had the authority to terminate employees at the single site of employment. (*Id.* at ¶21.)

- The mass layoff at issue in this case resulted in an employment loss during a 30 day period of at least 33% of Defendants' employees. (*Id.* at ¶29.)

- The Defendants conducted a permanent or temporary shutdown of a single site of employment, or one or more facilities or operating units within the single site of employment. This shut down resulted in an employment loss at the single site of employment during a 30-day period prior to September 2013 for at least 50 full-time employees. (*Id*. at ¶31.)

These facts clearly state a viable claim. First, Plaintiff identified the group of workers affected by the "mass layoff." Plaintiff stated that he worked as a "flowtester" and the Class Members also performed work as "flowtesters." Second, Plaintiff identified that the "flowtesters" were terminated and the approximate date of the termination. Third, Plaintiff identified the approximate percentage of workers affected by the mass layoff. Fourth, Plaintiff identified the single site where the terminations occurred. Fifth, Plaintiff stated that no notice was provided to him or the Class Members prior to the termination. Sixth, Plaintiff stated that no back pay was issued after the terminations. Seventh, Plaintiff stated that Defendants were employers under the Act by explaining that Defendants employed more than 100 workers who worked at least 4,000 hours per week. Finally, Plaintiff identified Defendants' main office as the "single site of employment." Each of these statements were factual statements, not legal conclusions. These facts establish a violation under the WARN Act.

Plaintiff provided a detailed explanation as to why he believes a violation of the law occurred. Based on these allegations, Defendants are put on notice that the WARN Act applies to them and the facts asserted against them. In particular,

Plaintiff identified the group that was terminated, the approximate date of the terminations, where the terminations took place, and the approximate percentage of the workers terminated. Again, these facts establish a legally cognizable claim for relief.

A complaint must give the defendant fair notice of what the claim is and the grounds on which it rests. Plaintiff's allegations satisfy both. This is not an exotic case with complicated claims; this is a straight forward case concerning workers who were terminated without notice. Under Rule 8(a), it is not necessary for a complaint to be replete with exhaustive, detailed factual allegations. *See, e.g., Hoffman v. Cemex, Inc.*, No. Civ. A. H–09–3144, 2009 WL 4825224, at *6 (S.D. Tex. 2009). Nevertheless, Plaintiff has provided a complete list of factual assertions that support his claim for relief. As such, Defendants' Motion to Dismiss should be denied.

**C.    Plaintiff pled sufficient facts that demonstrate that Defendants were "single employers."**

Under the WARN Act, multiple entities may be held liable as a "single employer." *See* 20 C.F.R. § 639.3(a)(2). "Some of the factors to be considered in making this determination are (i) common ownership, (ii) common directors and/or officers, (iii) de facto exercise of control, (iv) unity of personnel policies emanating from a common source, and (v) the dependency of operations." *Id; see also Bledsoe v. Emery Worldwide Airlines,* 258 F. Supp. 2d 780, 786 n. 2, 787

(S.D. Oh. 2003) (noting that 20 C.F.R. § 639.3 provides "factors for courts to consider in determining whether corporate parents and subsidiaries can both be deemed an 'employer' for purposes of the WARN Act"); *United Auto., Aerospace & Agric. Implement Workers of Am. Local 157 v. OEM/Erie Westland, LLC,* 203 F. Supp. 2d 825 (E.D. Mich. 2002); *Wallace v. Detroit Coke Corp.,* 818 F. Supp. 192 (E.D. Mich. 1993).

Plaintiff's Amended Complaint provides detailed facts that place Defendants on notice as to Plaintiff's "single employer" allegation. Plaintiff's Amended Complaint states as follows:

- All Defendants operate under the control of Joseph P. Winstead. (Doc. 12 at ¶ 8.)

- Defendants are really one company operating under different assumed names. (*Id*. at ¶15.)

- Defendants operate from the same location - 400 Mann Street, Suite 605, Corpus Christi, Texas 78401. (*Id*. at ¶15.)

- Defendants shared common officers and directors who made decisions regarding the Class Members' employment. (*Id*. at ¶10.)

- There is an inter-relation and dependency of operations between Defendants. (*Id*. at ¶9.)

- Defendants jointly controlled the business decisions at each individual Defendant's company. (*Id*. at ¶11.)

- Defendants jointly made the decision to initiate the mass layoff. (*Id*. at ¶12.)

The allegations above do not merely recite the words from the "single employer" test. To the contrary, Plaintiff listed facts that support each factor. First, Plaintiff identified the common control amongst each Defendant. (*See id.* at ¶8 - "the Defendants operated under the direction of Joseph P. Winstead."). Second, Plaintiff identified a unity of personnel operations. (*See id.* at ¶10 - "the Defendants shared common officers and directors who made decisions regarding the Class Members' employment."). Third, Plaintiff identified facts that support the exercise of control by Defendants. (*See id.* at ¶11 - "Defendants controlled the same business decisions of Sundance Flow Back and Well Testing Company.") Fourth, Plaintiff identified facts that support the dependency of operations. (*See id.* at ¶15 - "Defendants are a single employer operating under three assumed names. Defendants Sundance Flow Back & Well Testing Company and Sundance Services share a mailing address. Additionally, according to the Texas Comptroller website, Sundance Flow Back & Well Testing Company and Total Frac Logistics, LLC also share an address at 400 Mann Street, Suite 605, Corpus Christi, Texas 78401.") These statements are not legal conclusions, but facts that support Plaintiff's claim.

In *Hiles v. Inoveris*, the court found that a WARN Act complaint need not go beyond pleading the factors from section 639.3(a)(2) to state a claim for "single employment." *Hiles v. Inoveris*, No. Civ. A. 2:09–53, 2009 WL 3671007, at *4

(S.D. Ohio Nov. 4, 2009). The defendants in *Hiles* filed a 12(b)(6) motion to dismiss and raised nearly identical arguments as Defendants in this case. *Id.* at *3. The court rejected the defendants' arguments and held that "the question of whether [one company] exercised a degree of control over [another] justifying [a] court's holding it accountable as the Plaintiffs' de facto employer is a fact-sensitive question which. . .should not be answered until the Plaintiffs have had some opportunity to conduct discovery on this matter." *Id.* (internal citations omitted). Furthermore, the *Hiles* Court determined that the following statements established a pleading that was compliant with Rule 8.

- "[O]n information and belief, Defendant Inoveris was a wholly owned subsidiary of [ComVest]." *Id*. at *2

- "[O]n information and belief, Defendants shared common officers and directors." *Id*.

- "[O]n information and belief, Defendants jointly made the labor decisions concerning Plaintiffs' employment, including the decision to terminate their employment." *Id*.

- "[O]n information and belief, Defendant Inoveris and [ComVest] directly owned and operated the Facility." *Id*.

Here, Plaintiff's Amended Complaint provides more factual detail than the plaintiff in *Hiles*. In particular, Plaintiff listed seven discrete facts that support a

claim for "single employment." (Doc. 12 at ¶¶ 8-15.)    Plaintiff identified Defendants' common owner by name, the shared address where all Defendants operate, stated that Defendants shared common officers, and that Defendants jointly made the termination decision, amongst other facts. These statements are factual in nature; not legal conclusions.  These facts place Defendants on notice of Plaintiff's theory.  Like in *Hiles*, the Court should deny Defendants' Motion to Dismiss.

> **i.      Under the "single employer" test, all factors need not be met to support a finding of single employment.   Nevertheless, Plaintiff provided sufficient facts that support each factor.**

The single employer test under the WARN Act has been characterized by the question:  "Who ran the show?" *See Local 217, Hotel & Restaurant Employees Union v. MHM*, 976 F.2d 805, 808 (2nd Cir. 1992).  To resolve this question, the "single employer" test utilizes a non-exhaustive list of "factors" that "is meant only as reminder that the inquiry is a balancing test, and that, as with most balancing tests, a number of circumstances may be relevant." *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 490 (3rd Cir. 2001); *see also Aaron v. Leday*, No. Civ. A. 4:13–01716, 2013 WL 5936623, at *6 (S.D. Tex. Nov. 5, 2013) ("courts have largely coalesced" around the view announced in *Pearson*).  Further, in *In re Shelby Yarn Co.*, 306 B.R. 523, 539 (W.D.N.C. 2004) the court denied the defendant's motion for summary judgment in a WARN Act case where the

evidence merely established common ownership and common directors. *Id*. There was no proof of unity of personnel policies or dependency of operations. *Id*.

The factors listed in section 639.3(a)(2) are not an exclusive list and this Court may look beyond those factors to determine whether Defendants are a single employer under the Act. *See Ferrell v. Harvard Indus., Inc.*, No. Civ. A. 00–2707, 2001 WL 1301461, at *22 (E.D. Pa. Oct. 23, 2001) ("it is appropriate to look to all the circumstances of the case as opposed to any single dispositive factor"). As noted above, it is not necessary that all five factors be present in order to find liability. *Pearson*, 247 F.3d at 504 (noting that if the exercise of control factor is particularly striking, "then liability may be warranted even in the absence of other factors."); *see also Vogt v. Greenmarine Holding, LLC*, 318 F. Supp. 2d 136, 142 (S.D.N.Y. 2004) (stating that "[i]n the context of the fact-specific inquiry into whether a company can be held responsible under WARN for the act of a related company, *no one factor set out by the DOL* [i.e., § 639.3(a)(2)] *is controlling*, and all factors need not be present for liability to attach.")

Accordingly, even if the Court finds that Plaintiff did not plead enough facts with respect to each factor of the "single employer" test, Defendants' Motion should still be denied because the facts that were pled are sufficient to establish a claim against the Defendants as a "single employer." Thus, Defendants' Motion should be denied.

### ii. Exhaustive factual allegations are neither mandated nor required to allege a "single employer" claim under the WARN Act. Regardless, Plaintiff provided detailed factual allegations.

The *Hiles* court found that although a plaintiff must plead facts to raise a plausible claim, detailed factual allegations are not required. *Hiles*, 2009 WL 3671007, at *3. Further, the *Hiles* court explained that detailed factual allegations are not needed when a defendant is in control of all information or it is otherwise unavailable to a plaintiff. *Id.* In this case, Plaintiff has pled sufficient facts despite not having control of all information concerning the number of employees that were terminated and the detailed aspects of Defendants' operations.

Defendants have asked the Court to erect a barrier to litigation that is far higher than that contemplated by Rule 8 or *Iqbal/Twombly*. However, at no point have Defendants articulated precisely why they believe Plaintiffs' Complaint is deficient. To the contrary, district courts have found pleadings that are very similar to Plaintiff's Complaint to be proper. *See, e.g., Kaye v. D'Amato*, No. Civ. A. No. 05-982, 2008 WL 5263746 (E.D. Wis. Dec. 18, 2008) (noting that "the only way for plaintiff to muster more specific facts. . .would be through the use of discovery—which would always remain unavailable. . .if allegations that could only be proven through discovery were routinely dismissed at the pleading stage"). Nevertheless, Plaintiff has provided factual allegations that if accepted as true state a claim for "single employer" status.

**D.** **Plaintiff pled sufficient facts regarding his claim that a "mass layoff" and "plant closing" occurred.**

Under the WARN Act, a "mass layoff" is defined as follows:

> (c) Mass layoff.
>> (1) The term "mass layoff" means a reduction in force which first, is not the result of a plant closing, and second, results in an employment loss at the single site of employment during any 30–day period for:
>>> (i) At least 33 percent of the active employees, excluding part-time employees, and
>>> (ii) At least 50 employees, excluding part-time employees.

20 C.F.R. § 639.3; 29 U.S.C. 2101(a)(3).

Plaintiff has properly pled a claim that a "mass layoff" occurred in the 30 day period prior to September 2013. As noted previously, Plaintiff stated the following facts in his Amended Complaint.

- During a 30-day period prior to approximately September 2013, Plaintiff and at least 50 other employees of Defendants were terminated from their employment, without cause on their part. (Doc. 12 at ¶35.)

- No notice was provided to the Plaintiff and Class Members prior to their termination. (*Id*. at ¶37.)

- Prior to the mass layoff that forms the basis of this action, Defendants employed more than 100 employees. (*Id*. at ¶19.)

- Prior to the mass layoff that forms the basis of this action, Defendants employed 100 or more employees who in the aggregate worked at least 4,000 hours a week, exclusive of overtime. (*Id*. at ¶20.)

- While Plaintiff and Class Members are required to travel to different job sites, the Defendants' office is their home base, from which their work is assigned and to which they report. (*Id*. at ¶28.)

- Defendants' office is located at 400 Mann Street, Suite 605, Corpus Christi, Texas 78401. (*Id*. at ¶15.)

- Defendants had the authority to terminate employees at this single site of employment. (*Id*. at ¶21.)

- The mass layoff at issue in this case resulted in an employment loss during a 30 day period of at least 33% of Defendants' employees. (*Id*. at ¶29.)

These statements are detailed and factual in nature; not legal conclusions. It is entirely unclear why Defendants believe that Plaintiff did not state enough facts. The WARN Act is a strict liability statute where the liability question can be summarized as follows: "was notice given to the workers at least 60 days prior to their mass layoff." If no notice was sent, then the defendant is liable. Plaintiff is not required to prove (1) Defendants' motive for ordering the layoff, (2) explain the business decision behind the layoff, or (3) identify every class member by name. Accepting Plaintiff's allegations as true, Plaintiff has appropriately asserted a "mass layoff" claim.

Likewise, Defendants' arguments against Plaintiff's "plant closing" claim are even more disingenuous. Under the WARN Act, "the term 'plant closing' means the permanent or temporary shutdown of a single site of employment. . . if the shutdown results in employment loss at the single site of employment during any 30-day period for 50 or more employees." 29 U.S.C. § 2101(a)(2).

Liability under the WARN Act for a "plant closing" presents a lower burden than a "mass layoff." Under a "plant closing" claim, a defendant is liable under 29 U.S.C. § 2104 if the closure resulted in termination of 50 or more employees without the requirement that the 50 or more employees compose at least 33 percent of the employer's entire workforce. *Compare* 29 U.S.C. § 2101(a)(2) and 29 U.S.C. § 2101(a)(3).

Plaintiff identified the location of the "plant" - 400 Mann Street, Suite 605, Corpus Christi, Texas 78401. (Doc. 12 at ¶15.) Further, Plaintiff alleged that Defendants conducted a permanent or temporary shutdown of this location, or one or more facilities or operating units within this location. (*Id*. at ¶31.) Moreover, Plaintiff stated that this shut down resulted in an employment loss at the single site of employment during a 30-day period prior to September 2013 for at least 50 full-time employees. (*Id*.) Thus, Plaintiff pled facts that establish each of the elements of a "plant closing." Defendants have not identified what information is lacking or what elements were required that Plaintiff failed to plead.

As one court stated on this issue:

> In this case, Plaintiffs plead all facts necessary to state claims under [the WARN Act]. Plaintiffs specifically plead that [Defendant] "has 100 or more full-time employees [and] and has been operating for more than three years." Plaintiffs allege that "[o]n or about January 8, 2010, January 11, 2010, and January 15, 2010, [Freedom] ordered a mass layoff at the Facility.". According to Plaintiff, "the mass layoff resulted in 'employment losses' ... for at least fifty of [Freedom's]

employees as well as thirty-three (33%) of [Freedom's] workforce at the facility, excluding part-time employees". (Compl.¶ 23). Plaintiffs also separately allege that each of them was a full-time employee of Freedom who was laid off in January 2010 as part of the mass layoff without the required sixty-day written notice. If accepted as true, those allegations state a claim under . . . the WARN Act.

*Platt v. Freedom Mortgage Corp.*, No. Civ. A. 10-968 RBK KMW, 2010 WL 4810652, at *5-6 (D.N.J. Nov. 16, 2010). As in *Platt*, Plaintiff has pled the necessary facts to state a claim for a "plant closing" and Defendants' Motion should be denied.

## V. ALTERNATIVE MOTION FOR LEAVE TO AMEND COMPLAINT

Alternatively, if the Court is inclined to find merit with Defendants' arguments, Plaintiff requests the opportunity to amend his Complaint. Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Fifth Circuit recognizes that Federal Rule of Civil Procedure 15 evinces a bias in favor of granting leave to amend. *Goldstein v. MCI Worldcom,* 340 F.3d 238, 254 (5th Cir.2003) (citing *Southern Constructors Group, Inc. v. Dynalectric Co.,* 2 F.3d 606, 611 (5th Cir.1993)). Factors for the court to consider in determining whether there is a substantial reason to deny a motion for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.,* 3 F.3d 137, 139 (5th Cir.1993). None of these factors are present to deny Plaintiff's request to amend his Complaint should the Court find Plaintiff's factual allegations to be inadequate.

First, there has been no undue delay or dilatory motive on the part of Plaintiff. The Court has not yet set a deadline for the amendment of pleadings or otherwise entered a scheduling order. The Parties have not even appeared before the Court for an initial scheduling conference.

Second, Defendants can point to no bad faith on the part of Plaintiff. There is no attempt here to surprise Defendants with a last minute amendment or otherwise create a tactical advantage. Plaintiff merely seeks to open the doors of discovery with a well plead complaint.

Third, there is no prejudice to Defendants. Like Plaintiff, Defendants have conducted no discovery and as such, Defendants would not incur additional costs. Plaintiff's amendment would likewise not add additional claims, it would merely add additional factual allegations to support the existing cause of action. Accordingly, Plaintiff requests that the Court grant this motion for leave.

## VI.    ALTERNATIVE MOTION FOR CONTINUANCE OF DEFENDANTS' RULE 56 MOTION

Defendant filed a motion, in the alternative, for summary judgment on Plaintiff's claims. If the Court is inclined to entertain the summary judgment

motion, Plaintiff respectfully requests the opportunity to conduct discovery before the Court decides the motion.

The case law provides that a litigant is entitled to discovery before a decision on the merits is reached. *Krim v. BancTexas Group, Inc.,* 989 F.2d 1435, 1441 (5th Cir. 1993). Specifically, "summary judgment [must] be refused when the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986).

Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or;
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Under Rule 56(d)(2), the Court may grant a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken, if the party opposing a motion for summary judgment shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition. *Id*. This Rule is "designed to safeguard against a premature or improvident grant of

summary judgment." *Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1285 (5th Cir. 1990).

Motions for a continuance under Rule 56(d) are **"generally favored, and should be liberally granted."** *Stearns Airport Equip. Co. v. FMC Corp.,* 170 F.3d 518, 534 (5th Cir.1999) (discussing standard under Rule 56(f)[1] (emphasis added).

To justify a continuance, the Rule 56(d) motion must demonstrate (1) why the movant needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact. *Id.* at 534–35.

**A. Discovery has yet to begin in this case. In fact, the Rule 16 scheduling conference has not even occurred. Plaintiff is entitled to discovery before a decision is reached on the merits.**

By requesting summary judgment in paragraph 7 of their Motion, Defendants have presented the textbook example of when a Rule 56(d) continuance is appropriate. Here, the Parties have not yet appeared before the Court for their scheduling conference, no depositions have been taken, no written discovery has been exchanged, and the Parties have not even served their initial disclosures. Courts have denied summary judgment motions as premature under very similar circumstances. *See, e.g., Coffin v. Blessey Marine Services, Inc.*, No. Civ. A. H–11–0214, 2011 WL 2837609 (S.D. Tex. July 18, 2011).

---

[1] The Committee on Civil Rules in its Advisory Notes states that Rule 56(d) "carries forward without substantial change to the provisions of former subdivision (f)." Fed. R. Civ. P. 56(d), Advisory Committee's Note.

In *Coffin v. Blessey Marine Services,* the district court faced a similar motion for summary judgment at an early stage in the case. *Id.* at *1. *Coffin* concerned a lawsuit under the Fair Labor Standards Act ("FLSA") regarding the applicability of the seaman exemption. *Id.* Before any discovery was conducted, the defendant moved for summary judgment on the exemption. *Id.* The defendant based its argument on an internal review, performed by one of its employees, of its records and its own conclusion that the plaintiff did not spend enough of his time performing non-seaman duties to be non-exempt under the FLSA. *Id.* The plaintiff responded that the summary judgment motion was inappropriate in the absence of written discovery and the inability to depose the employee that performed this internal audit. *Id.* at *3. The court agreed and held that the motion for summary judgment was premature. *Id.*

The facts in this case are similar to the facts in *Coffin*. Like the internal audit in *Coffin*, Defendants have moved for summary judgment based on a self-serving affidavit. Like *Coffin*, no written discovery has taken place. As in *Coffin,* no scheduling order has been entered. Moreover, Defendants have not provided their initial disclosures and no written discovery has been conducted. Just like in *Coffin*, Plaintiff should be provided an opportunity to conduct discovery to prove his claims before responding to the summary judgment motion.

**B. Discovery in this case will likely create a genuine issue of material fact.**

Generally, a WARN Act claim is fact intensive. *See Bledsoe v. Emery Worldwide Airlines*, 258 F. Supp. 2d 780, 787 (S.D. Ohio 2003) (stating that the "question of whether [one entity] exercised a degree of control over [another] justifying [a] Court's holding it accountable as the Plaintiffs' *de facto* employer is a fact-sensitive question which . . . should not be answered until the Plaintiffs have had some opportunity to conduct discovery on this matter.")

Plaintiff believes that discovery in this case will establish liability against Defendants for violating the WARN Act. Discovery will show that within a 30 day period, Defendants laid off at least 50 employees - an amount that comprises either a third of their workforce or whom were all headquartered at Defendants' main office. Discovery will also show that this mass layoff occurred without Defendants sending the notice required by 29 U.S.C. § 2102. Moreover, discovery will show that the Plaintiff and Class Members did not receive back pay immediately after termination, that Defendants employed more than 100 full time employees, and that Defendants made the collective decision to shutdown a single site of employment, or one or more facilities or operating units within the single site of employment.

Specifically, Plaintiff seeks to take the depositions of the corporate representative(s) for Defendants and senior level management personnel of

Defendants to show the inter-relation of Defendants' operations and the common control of Defendants. Plaintiff also seeks these depositions to identify the number of workers that were terminated, the time period for the terminations, and the number of full time employees of Defendants. Plaintiff also seeks to take the deposition of Defendants' human resource personnel to establish that Plaintiff and the Class Members were terminated without notice. Plaintiff also seeks the deposition of Gina Endres to question her on the statements she made in her affidavit and to determine the factual basis for those statements.

Plaintiff also seeks written discovery regarding the number of employees Defendants terminated during the same 30 day period and the total number of workers employed by Defendants. Further, Plaintiff intends to acquire his personnel file and the personnel files of the Class Members to prove that Defendants did not provide the statutory notice.

Defendants cannot seek dismissal at this stage by simply providing an affidavit stating that they did nothing wrong. Rule 56(c)(1)(A) provides that summary judgment must be supported by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Implicit in this rule is that for summary judgment to be granted

there must first be admissible evidence. Defendants have not attached any reliable information, such as pay records or personnel files. The only evidence Defendants produced was Ms. Endres's affidavit. This affidavit failed to explain her personal knowledge regarding the matters she stated, failed to identify the records she reviewed, and failed to establish her qualifications to make those statements. A defendant cannot prevail by simply making the representation that it did not violate the law. *See Platt v. Freedom Mortg. Corp.*, No. Civ. A. 10–968, 2010 WL 4810652 (D.N.J. Nov. 16, 2010).

In particular, in *Platt v. Freedom Mortg. Corp.*, , a group of employees alleged that their employer violated the WARN Act by terminating their employment in a mass layoff without notice. *Id.* at *1. In response, the defendant moved to dismiss and submitted a certification authored by its chief operating officer that stated the defendant only terminated 44 employees. *Id.* The certification contained a list of employees the defendant had fired during the relevant period and the chief operating officer purported to authenticate the list by stating that he had personal knowledge regarding its contents and accuracy. *Id.* The court found this evidence to be insufficient. *Id.*

In making this decision, the court stated as follows:

> It is inappropriate for the Court to consider [the chief operating officer's] certification. . . The Complaint does not reference or rely on the documents, nor is there any reason to presume that Plaintiffs concede the documents'

authenticity and accuracy. In fact, Plaintiffs' allegations directly contradict [the officer's] certification and exhibits. [The chief operating officer] claims that [Defendant] laid off only 44 of the 60 employees that left [Defendant] during the relevant period, but Plaintiffs allege that [Defendant] laid off at least 50 of those employees. In effect, [the chief operating officer's] certification is simply a denial of Plaintiffs' allegations. It is not "integral" to Plaintiffs' Complaint, and Plaintiffs did not had a fair opportunity to respond to [his] attestations because there has been no discovery in this matter. It would therefore be improper for the Court to dismiss Plaintiffs' Complaint at this stage based on [the chief operating officer's] certification.

*Id.* at *3.

The *Platt* Court found that until the plaintiff had an opportunity to depose the chief operating officer "regarding the basis for his assertions [in his certification] or to seek other discovery relevant" to his certification, it would be improper for the court to rely on his statements. *Id.* In fact, the *Platt* Court called the certification "too self-serving to form the basis for dismissal of Plaintiff's Complaint," *Id.* at *4 n.2.

The facts in this case are very similar to the facts in *Platt*. Just like in *Platt*, Defendants have submitted the affidavit of Ms. Endres. As in *Platt*, Defendants have sought dismissal based on this affidavit. The Court should apply the same analysis as in *Platt* and deny Defendants' Motion.

## CONCLUSION

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss Under Rule 12(b)(6), or in the alternative, grant Plaintiff's Motion for Leave to Amend his Complaint and to deny Defendants' Motion for Summary Judgment.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: ___/s/ Don J. Foty _____
    Don J. Foty
    Dfoty@kennedyhodges.com
    Texas State Bar No. 24050022
    Federal Bar No. 711522
    711 W. Alabama St.
    Houston, TX 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

    LEAD ATTORNEY IN CHARGE FOR
    PLAINTIFF AND CLASS MEMBERS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on all opposing parties by and through their attorney(s) of record via the Southern District's CM/ECF system on October 30, 2014.

/s/ *Don J. Foty* _____
    Don J. Foty