UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RENE MORENO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-437 |
| | § | |
| TOTAL FRAC LOGISTICS, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS

This is a civil action for the collection of unpaid wages and benefits pursuant to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101–2109 *et seq.,* (the "WARN Act"). Plaintiff Rene Moreno was an employee of Sundance Flow Back and Well Testing Company, a company alleged to be interrelated with two other companies, Total Frac Logistics, LLC and Sundance Services (collectively "Defendants"). Plaintiff claims that he was terminated as part of a mass layoff, but that Defendants failed to provide him and all other similarly situated former employees (the "Class Members") with the required sixty-days' advance written notice of termination, as required by the WARN Act. He claims that because Defendants willfully failed to give the appropriate WARN Act notice, he and the Class Members are entitled to their respective wages, salary, commissions, bonuses, and accrued vacation and personal pay for the sixty (60) days prior to their termination and for medical expenses incurred for sixty (60) days after their termination.

Pending is Defendants' First Amended Motion to Dismiss Under Rule 12(b)(6) (D.E. 16), and Supplemental Motion thereto. (D.E. 21). Defendants contend there was no mass firing and in support thereof, offer the affidavit of Gina Endres, the Office Manager of Sundance Flow Back and Well Testing Company, who testifies as to the exact number of firings for Defendants during the relevant time period. In addition, Defendants offer the affidavit of Lisa Kopecky, the Chief Operating Officer of eEmployers Solutions, Inc. (eESI), a Professional Employer Organization (PEO) licensed under Texas law, who advised Sundance Flow Back and Well Testing Company and Sundance Services that the layoffs at issue did not trigger the WARN Act notification requirements.[1] (D.E. 20-1, pp. 1-3). Defendants acknowledge that they are asking the Court to consider matters outside the pleadings such that it is procedurally more appropriate to address Defendants' motions under Rule 56 , Fed. R. Civ. P. *Id.,* pp. 3-4.

Plaintiff opposes Defendants' motion to dismiss, but in the alternative, he seeks leave to amend his complaint to "add additional factual allegations to support the existing cause of action," or a continuance to conduct discovery and respond to Defendants' motion to dismiss, construed as a Rule 56 motion for summary judgment. (D.E. 24, pp. 21-28). In addition, in his First Amended Complaint, Plaintiff requests an order (1) certifying that this action be maintained as a Class action under Rule 23, Fed. R. Civ. P., and (2) designating himself as representative of the Class and counsel of record as Class counsel. (*See* D.E. 12. p. 9).

---

[1] Total Frac Logistics, LLC was not a client of eESI. (D.E. 20-1, Kopecky Aff't at ¶ 3).

For the reasons stated herein, the Court denies Defendants' First Amended Motion to Dismiss (D.E. 16) and Supplemental Motion to Dismiss (D.E. 21), but instead, construes these pleadings and any exhibits referenced therein as a motion for summary judgment pursuant to Rule 56(a), Fed. R. Civ. P.  Plaintiff's request to amend his complaint is denied; however, Plaintiff is granted a continuance to respond to Defendants' summary judgment motion, during which time he can conduct *limited discovery* on the issues of whether or not there was a mass layoff or plant closing so as to trigger WARN Act notification requirements.  Plaintiff's summary judgment response is due on or before **February 27, 2015**.  Plaintiff's requests for Class certification, to be appointed Class representative, and to appoint his attorney as counsel for the Class are denied without prejudice at this time as premature.

## I.     Jurisdiction.

The Court has federal question jurisdiction.  28 U.S.C. § 1331.

## II.    Procedural background.

On May 16, 2014, Plaintiff filed his Original Complaint on behalf of himself and the other Class Members in the United States District Court for the Southern District of Texas, Galveston Division, Case No. 3:14-cv-00166.  (*See* D.E. 1).

On August 25, 2014, Defendants filed a Motion to Dismiss for Failure to State a Claim (D.E. 10), and their Answer.  (D.E. 11).

On September 12, 2014, Plaintiff filed his First Amended Complaint.  (D.E. 12).

On September 15, 2014, Plaintiff filed a Response in Opposition to Defendants' Motion to Dismiss.  (D.E. 13).

On September 26, 2014, Defendants filed their First Amended Answer with Counterclaims against Plaintiff. (D.E. 14).

On October 9, 2014, Defendants filed their First Amended Motion to Dismiss Under Rule 12(b)(6).[2] (D.E. 16). On that same date, Defendants moved to have the case transferred to the Corpus Christi Division. (D.E. 17).

On October 10, 2014, Defendants filed a Supplemental Motion to Transfer the Case to the Corpus Christi Division (D.E. 20), and a Supplemental Motion to Dismiss under Rule 12(b)(6). (D.E. 21).

On October 30, 2014, Plaintiff filed a Response in Opposition to Defendants' Supplemental Motion to Dismiss. (D.E. 24).

On October 31, 2014, the Galveston Court transferred the action to this Court. (D.E. 25).

## III.   Rule 12(b)(6) standard.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for failure to state a claim upon which relief may be granted; however, the district court must construe the complaint in a light most favorable to the plaintiff, and the allegations contained therein must be taken as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*,

---

[2] Defendants' First Amended Motion to Dismiss rendered moot the August 25, 2014 Motion to Dismiss (D.E. 10), and it was terminated.

550 U.S. 544, 555 (2007). In the context of a defendant's motion to dismiss, the district court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). "If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, No. 08-40516, 2008 WL 5352000, *3 (5th Cir. 2008).

## IV. Discussion.

### A. WARN Act provisions.

The WARN Act prohibits employers from ordering a "plant closing or mass layoff until the end of a 60-day period after the employer serves written notice" of the closing or layoff to its employees. 29 U.S.C. § 2102(a). An employer who violates this notice provision is required to provide "back pay for each day of violation." 29 U.S.C. § 2104(a)(1). "In short, WARN imposes a statutory duty on businesses to notify workers of impending large scale job losses and allows for limited damages 'designed to penalize the wrongdoing employer, deter future violations, and facilitate simplified damages proceedings.'" *Staudt v. Glastron, Inc.,* 92 F.3d 312, 314 (5th Cir. 1996) (citation omitted).

In their First Amended Motion to Dismiss, Defendants argue that Plaintiff and the Class Members have failed to provide sufficient facts to state a claim under the WARN Act. (*See* D.E. 16). Defendants claim Plaintiff has failed to establish that Defendants are

a "single employer" or that Plaintiff's termination was a part of a mass layoff, or in the alternative, a plant closing.[3] *Id.*

For purposes of Rule 12(b)(6), the Court finds that Plaintiff has offered more than "threadbare factual allegations" to survive Defendants' Motions to Dismiss. In his First Amended Complaint, Plaintiff alleged the following elements of a WARN Act claim:

(1) Plaintiff and Class Members worked for Defendants as "flowtesters" for Defendants' oil and gas business. (D.E. 12 at ¶ 33);

(2) Prior to the layoff that forms the basis of this action, Defendants employed more than 100 employees. *Id.* at ¶ 19.

(3) Prior to the layoff that forms the basis of this lawsuit, Defendants employed 100 or more employees who in the aggregate worked at least 4,000 hours a week, exclusive of overtime. *Id.* at ¶ 20.

(4) Plaintiff and Class Members were required to travel to different job sites; however, Defendants' have a shared single site of employment where their main office is located at 400 Mann Street in Corpus Christi, Texas, and it was this location to which Plaintiff and Class Members reported to receive work assignments. *Id.* at ¶ 15, ¶ 28

---

[3] Section 2101(a)(2) of Title 29 defines the term "plant closing" as "the permanent or temporary shutdown of a single site of employment … if the shutdown results in an employment loss at the single site of employment during any 30-day period for 50 or more employees excluding any part-time employees." 29 U.S.C. § 2101(a)(2). A "mass layoff" is a reduction in force that is not the result of a plant closing and that results in an employment loss at a single site of employment during any thirty-day period for –"at least 33 percent of the employees (excluding any part-time employees); and at least 50 employees (excluding any part-time employees); or at least 500 employees (excluding any part-time employees). 29 U.S.C. § 2101(a)(3). However, § 2102(d) provides:

> For purposes of this section, in determining whether a plant closing or mass layoff has occurred or will occur, employment losses for 2 or more groups at a single site of employment, each of which is less than the minimum number of employees specified in section 2101(a)(2) or (3) of this title but which in the aggregate exceed that minimum number, and which occur within any 90-day period shall be considered to be a plant closing or mass layoff unless the employer demonstrates that the employment losses are the result of separate and distinct actions and causes and are not an attempt by the employer to evade the requirements of this chapter.

29 U.S.C. § 2102(d).

(5) Defendants had the authority to terminate employees at the single site of employment. *Id.* at ¶ 21.

(6) During a thirty-day period prior to September 2013, Plaintiff and at least fifty (50) other employees of Defendants were terminated from their employment, without cause on their part. *Id.* at ¶ 35.

(7) No notice was provided to the Plaintiff and Class Members prior to their termination. *Id.* at ¶ 37.

(8) The layoff at issue in this case resulted in an employment loss during a thirty-day period of at least thirty-three percent (33%) of Defendants' employees. *Id.* at ¶ 29.

(9) Defendants conducted a permanent or temporary shutdown of a single site of employment, or one or more facilities or operating units within the single site of employment. This shut down resulted in an employment loss at the single site of employment during a thirty-day period prior to September 2013 for at least fifty (50) full time employees. *Id.* at ¶ 31.

Plaintiff alleges the elements of a WARN Act claim because he: (1) identifies Defendants as an "Employer" under the WARN Act by alleging that Defendants employed more than one hundred (100) workers who worked at least 4,000 hours per week; (2) identifies the specific group of workers affected by the "mass layoff," here, the flowtesters; (3) gives the approximate termination date of thirty-days prior to September, 2013; and (4) alleges that no notice was given and no back pay was awarded. *See* 29 U.S.C. § 2102.

Defendants argue that Plaintiff has failed to allege "with even a modicum of specificity how Defendants are a 'single employer' within the meaning of the WARN Act." (D.E. 16, p. 2).

The Department of Labor has promulgated regulations to determine whether subsidiaries and contractors which are partially or wholly owned by a parent company are treated as separate employers or as part of the parent or contracting company. *See* 20 C.F.R. § 639.3(a)(2). The overriding concern in answering this question is "the degree of [a subsidiary's] independence from the parent." *Id.* Some of the factors to consider in evaluating whether independence exists between two or more businesses are (1) common ownership, (2) common directors and/or officers, (3) de facto exercise of control, (4) unity of personnel policies emanating from a common source, and (5) the dependency of operations. *See Pearson v. Component Tech. Corp.,* 247 F.3d 471, 483 (3d Cir. 2001).

In his First Amended Complaint, Plaintiff offered the following facts to establish that Defendants should be treated as a single entity:

(1) All Defendants operate under the control of one individual, Joseph P. Winstead. (D.E. 12 at ¶ 8).

(2) Defendants operate from the same location, 400 Mann Street, Suite 605, Corpus Christi, Texas, 78401, and share the same mailing address. *Id.* at ¶ 15.

(3) Defendants share common officers and directors who made decisions regarding the Class Members' employment. *Id.* at ¶ 10.

(4) There is an interrelation and dependency of operations between Defendants. *Id.* at ¶ 9.

(5). Defendants jointly control the business decisions of each individual company. *Id.* at ¶ 11.

(6) Defendants jointly made the decision to initiate the mass layoff. *Id.* at ¶ 12.

Plaintiff's First Amended Complaint sets forth sufficient facts to characterize Defendants as a single entity under the WARN Act. Moreover, Defendants' own

evidence supports Plaintiff's single entity theory. Defendants offer with their First Amended Motion to Dismiss the Affidavit of Gina Endres, who has been employed as the Office Manager of Sundance Flow Back and Well Testing Company since August 2007. (D.E. 16-1, pp. 1-3). Ms. Endres states that, in her position as Office Manager of Sundance Flow Back and Well Testing Company, she also has access to the records of Sundance Services, as well as the records of Total Frac Logistics, LLC. *Id.*, Endres Aff't at ¶ 4, ¶ 7. Though not conclusive, the fact that Ms. Endres has access to the employment records of all three Defendants is some evidence that the companies are operated as a single entity.

For purposes of Rule 12(b)(6), Plaintiff has stated sufficient facts on the face of his complaint to state valid WARN Act claims against Defendants. He claims that Defendants operated oil and gas businesses that employed over 100 or more employees who in the aggregate worked at least 4,000 hours a week, and that thirty-days prior to September 2013, Plaintiff and at least fifty other employees were terminated without prior notice, and no back pay was awarded. Accordingly, Defendants' First Amended Motion to Dismiss under Rule 12(b)(6) (D.E. 16) and Supplemental Motion to Dismiss (D.E. 21) are DENIED.

Defendants seek to offer evidence that the layoffs at issue were nowhere close in number to that alleged by Plaintiff and do not qualify as either a "mass layoff" or "plant closing" under the WARN Act.[4] These fact issues can be resolved on summary judgment

---

[4] Indeed, Ms. Endres testified that, during the entire year of 2013, Sundance Flow Back and Well Testing Company did not lay off fifty or more people in any given month. (D.E. 16-1, Endres

following limited discovery.  Accordingly, Defendants' Motions to Dismiss (D.E. 16, 21) are construed as a motion for summary judgment pursuant to Rule 56, Fed. R. Civ. P. Plaintiff is granted a continuance until **February 27, 2015**, to conduct further discovery and to file a response to Defendants' summary judgment motion on the issue of the number of employees terminated prior to or through September 30, 2013, or any other issue deemed relevant.

Plaintiff's requests for Class certification, to be appointed Class representative, and to have his attorney appointed counsel for the Class are denied without prejudice at this time.

ORDERED this 16th day of December, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

Aff't at ¶ 4).  Plaintiff was laid off on August 18, 2013.  *Id.*  Between July 1, 2013 and September 30, 2013, Sundance Flow Back and Well Testing Company laid off five employees, while Sundance Services laid off three employees during this time period.  *Id.*